# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| PARSONS, JEFFREY A. ) | |
| ) | Case no. 12-72023 |
| ) | |
| Debtor(s) ) | |
| ) | |

## MOTION FOR AUTHORITY TO SELL REAL ESTATE AND TO COMPROMISE CONTROVERSY

Charles E. Covey, Trustee (" the Trustee"), for his Motion for Authority to Sell Real Estate pursuant to 11 U.S.C. §§ 363(b)(1) and (f) and his Motion to Compromise Controversy pursuant to Bankruptcy Rule 9019[1], states as follows:

1. Jeffrey A. Parsons ("Debtor") filed his voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on September 10, 2012.

2. Charles E. Covey is serving as the chapter 7 bankruptcy trustee in this case.

3. On or about November 5, 2010, Debtor entered into a contract (the "Contract for Deed") to purchase two tracts of real estate located in Pike County, Illinois from Travis McLeod ("McLeod"). Tract I has been sold. Tract II consists of approximately 165 acres and is legally described as follows:

The Northwest Quarter of Section 33, situated in Township 3 South, Range 4 West of the Fourth Principal Meridian, Pike County, Illinois.

---

[1] The Trustee is filing combined motions due their interrelationship, i.e., if authorized, the sale can close only if the compromise is authorized, and the compromise, if authorized, can only be effected if the sale closes.

(Tract II and all hunting tower blinds, tree stands and climbing sticks located thereon are hereinafter referred to as "the Real Estate").

4. On or about December 31, 2014, the Trustee and McLeod, as Sellers, and Gary and Laura Klotz (hereinafter referred to collectively as "Buyers"), entered into a contract for the sale of the Real Estate. A true and accurate copy of this contract is attached hereto as Exhibit "A" ("the Contract"). The sale price for the Real Estate is $495,000.00. The Trustee believes the offer is fair and reasonable.

5. The Trustee wishes to sell this estate's interest in the Real Estate to Buyers, or their assignee, for the said $495,000.00, subject to all mechanic's liens, all other liens, mortgages, rights, claims and interests (excepting those specified below in ¶ 7), encroachments, encumbrances or other adverse circumstances affecting title that would be disclosed by an accurate survey, claims not shown by the public records, restrictions, reservations, covenants, rights of way, easements, leases and rights of parties or tenants in possession, zoning and/or restrictions and prohibitions imposed by governmental authorities, real estate taxes not yet payable which shall be prorated through the date of closing based on the best available estimate, taxes or special assessments not showing as existing liens by the public records, financing statements, and any and all claims arising from violation of any environmental laws, rules or regulations. The Trustee shall deliver a quitclaim deed and/or quitclaim bill of sale of this estate's said interest in the Real Estate to Buyers, or their assignee, at closing.

6. From the gross proceeds of sale, the Trustee estimates that the following disbursements/credits will be made at closing:

**GROSS PROCEEDS:** $495,000.00

**ESTIMATED DISBURSEMENTS:**

| | |
|---|---:|
| **Real Estate Commission** | **$29,700.00** |
| **Title Insurance** | **1,250.00** |
| **Closing Fee** | **400.00** |
| **Title Search** | **200.00** |
| **CPL and State Fee** | **53.00** |
| **2014 Real Estate Taxes** | **400.00** |
| **2015 Real Estate Taxes** | **83.00** |
| **Transfer Taxes** | **$742.50** |
| **Balance owed under the Contract for Deed[2]** | **$257,150.00** |
| **Recording fees** | **$244.00** |
| **TOTAL ESTIMATED DISBURSEMENTS:** | **$290,222.50** |
| **ESTIMATED NET PROCEEDS:** | **$204,777.50** |

7. The Real Estate shall be ordered sold free and clear of the following liens or interests of the following entities against or in the Real Estate:

a. Masco Packaging & Industrial Supply, Inc., an Illinois corporation, by virtue of the recording of a memorandum of judgment against Jeffrey A. Parsons in the amount of $44,296.43 and costs dated June 22, 2012 and recorded August 1, 2012 as Document Number 2012-2305, in Book 821, page 174, Recorder's Office of Pike County, Illinois. On October 9, 2013, this Court entered a default judgment in adversary proceeding 13-7046 avoiding the lien of said memorandum of judgment as a preferential transfer under 11 U.S.C. § 547. Pursuant to 11 U.S.C. § 363(f)(4), said lien is in a bona fide dispute.

---

[2]$2,500.00 of this balance shall be paid to Rammelkamp, Bradney for attorneys fees owed under the Contract for Deed. An estimated $400.00 of this balance shall be paid to McLeod to reimburse him for 2013 real estate taxes he paid on the Real Estate. Next, Peoples Bank and Trust Company, who holds first mortgage on the Real Estate, will be paid the lesser of all of the remainder of this balance or the amount required so that said Bank will release its said mortgage in full. The remainder of this balance, if any, shall be paid to McLeod.

     **b.  Department of Treasury-Internal Revenue Service** by virtue of a notice of tax lien against Debtor in the amount of $3,198,007.12 dated March 15, 2012 and recorded March 26, 2012 as Document Number 2012-0789 in Book 817, page 57 in the office of the Pike County Recorder of Deeds.  The United States of America, acting through the Internal Revenue Service, has agreed to this sale by virtue of the "carve out" order entered July 9, 2013 (Doc. 436).  Pursuant to 11 U.S.C. § 363(f)(2), said entity consents to this sale free and clear of said lien.

     **c.**  Debtor's estranged wife, Jennifer Parsons, filed a petition for dissolution of marriage on February 15, 2011 and may be claiming an interest in the Real Estate as marital property.  Pursuant to 11 U.S.C. § 363(f)(2), Jennifer Parsons consents to this sale free and clear of her interest, if any, with said interest, if any, to attach to the 50% of the proceeds of sale to be paid to the Trustee.

     **8.**  Jeffrey D. Richardson, as chapter 7 Trustee for the bankruptcy estate of THR & Associates, Inc. filed in this Court as case no. 12-72022 ("Richardson"), has filed an amended complaint in adversary proceeding 13-7048 in said case against McLeod.  The Trustee has intervened in said proceeding.  Said amended complaint alleges that, on Debtor's behalf, THR paid $612,350.00 to McLeod under the Contract for Deed.  Said complaint seeks to recover said payments from McLeod on the grounds that the payments constitute actual or constructively fraudulent transfers.  McLeod has also filed crossclaims against the Trustee in said adversary proceeding.

     **9.**  In the event Richardson were to prevail in said adversary proceeding and McLeod were to return said payments to Richardson, McLeod would be entitled to be paid the entire

4

**above estimated net proceeds from the sale of the Real Estate; this estate would be entitled to no portion of said proceeds.**

**10. The Trustee moves for this Court's authority to settle adversary proceeding 13-7048 according to the following terms and conditions:**

**a. The Trustee shall be entitled to and shall be paid 50% of the net proceeds from the sale of the Real Estate, i.e., the Trustee shall be paid an estimated $102,388.75. Said payment shall be in full and complete settlement of any and all claims, known and unknown, that the Trustee has or ever had against McLeod. Said funds shall be held by the Trustee free and clear of any interest of Richardson and/or McLeod. The 1099 form to be issued to the Trustee shall report gross proceeds received by the Trustee equal to 50% of the net proceeds from the sale of the Real Estate, which is estimated to be approximately $102,388.75.**

**b. McLeod or his agent shall be entitled to and shall be paid 50% of the said net proceeds, i.e., McLeod or his agent shall be paid an estimated $102,388.75. Said payment to McLeod or his agent shall be in full and complete settlement of any and all claims, known and unknown, that McLeod has or ever had against the Trustee. Said funds shall be held by McLeod free and clear of any interest of the Trustee.**

**c. Upon the filing of Richardson's motion to dismiss his amended complaint with prejudice in adversary proceeding 13-7048, McLeod shall file a motion to dismiss his crossclaims filed in said adversary proceeding with prejudice and shall withdraw all proofs of claim he filed against the bankruptcy estate of Jeffrey A. Parsons with prejudice. The Trustee and McLeod shall also exchange mutual general releases. McLeod shall also pay Peoples Bank and Trust Company the amount, if any, required over and above the amount to be paid**

to said Bank from the gross proceeds of sale of the Real Estate (which amount is determined according to the terms of footnote 2 on page 3 hereof) so that said Bank will release its mortgage against the Real Estate, thereby enabling the above-described sale to close.

11.  The Trustee believes the above settlement is fair.

WHEREFORE, the Trustee prays that this Court enter an Order:

A.  Authorizing the Trustee to sell this estate's interest in the Real Estate to Buyers, or their assignee, according to the terms and conditions set forth above, and to make the above-described disbursements at closing;

B.  Waiving the 14 day stay provided under Bankruptcy Rule 6004(h);

C.  Authorizing the Trustee to settle adversary proceeding 13-7048 according to the above terms and conditions;

D.  Granting the Trustee such other relief as is just.

Charles E. Covey, Trustee

By:/s/ Andrew W. Covey
His Attorney

Andrew W. Covey
Attorney for Trustee
416 Main Street, Suite 700
Peoria, IL 61602
309-674-8125
acovey1@hotmail.com
#06183817